[No. F048923. Fifth Dist. Nov. 14, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER MAURICE MULDROW, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II. of the Discussion.

COUNSEL

Tim Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez and Mathew Chan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**VARTABEDIAN, Acting P. J.**—Defendant Christopher Maurice Muldrow was convicted of one count of possession of methamphetamine. He also admitted that he had served four prior prison terms within the meaning of Penal Code section 667.5.[1] On September 23, 2005, he was sentenced to prison for the upper term of three years plus four consecutive one-year terms for the prior prison terms, for a total of seven years. He appeals, claiming the trial court erred in finding that a parole hold and the expectation that he would be returned to prison on a parole violation made him ineligible for a drug treatment program under section 1210.1 (Prop. 36).[2] We will vacate the judgment of sentence and remand the matter for resentencing based on a reassessment of defendant's amenability for drug treatment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was wanted on a section 3056 parole hold from Sacramento. Law enforcement officers went to his home and arrested him. Officers found a bindle of methamphetamine in his sock.

The probation officer wrote a presentence report and considered defendant's eligibility for participation in Proposition 36 drug treatment programs. The officer found defendant "ineligible as his parole violation was not based on the possession of drugs alone. The defendant currently has a parole hold and a previous warrant was issued for his arrest for failing to participate in a drug treatment program, failing to report for drug testing, and for absconding from parole supervision. Records from parole indicate the defendant previously signed an agreement promising to enter a substance abuse program, however, failed to keep the agreement. The defendant is expected to return to custody for eight months on a parole violation, and therefore this officer feels he would not be eligible for participation in probation pursuant to Penal Code section 1210.1."

The probation officer also stated that defendant wished to be considered for a commitment to the California Rehabilitation Center. Defendant wrote a letter to the court stating that it had been three years since he had broken the law, he has started a small business, and he would be a productive citizen if the court showed him mercy.

---

[1] All future code references are to the Penal Code unless otherwise noted.

[2] We note that portions of sections 1210.1 and 3063.1 have been rewritten and the new versions were effective on July 12, 2006. For purposes of our discussions, our references are to the statutes in effect at the time defendant was sentenced.

At sentencing, the trial court announced its tentative decision and discussed defendant's consideration for Proposition 36 treatment as follows: "Proposition 36 has been considered, but is not available because the defendant is subject to a parole hold and would not be—would be unavailable for treatment in a Prop 36 treatment, and so that program does not appear to be a viable option." In addition, the court found in aggravation that defendant has a history of probation and parole violations. The court found no circumstances in mitigation and announced its tentative decision to sentence defendant to the upper term plus the four one-year enhancements.

In response to the court's tentative decision, defense counsel made no mention of Proposition 36 treatment but asked the court to consider that, although defendant has an extensive criminal history, this was his first drug offense and he has been living legally and crime free for about four years.

The People asked the court to impose the seven-year term, noting that defendant admitted to using methamphetamine for 13 years.

The court followed its tentative decision and sentenced defendant to prison for a term of seven years.

## DISCUSSION

### I. Denial of Drug Treatment Probation

Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, took effect on July 1, 2001. The act added numerous provisions to the Penal Code, including section 1210.1. Section 1210.1, subdivision (a) provides in part: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program." "When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors . . . ." (*People v. Esparza* (2003) 107 Cal.App.4th 691, 699 [132 Cal.Rptr.2d 377].)

The purpose of the Substance Abuse and Crime Prevention Act is " '[t]o divert from incarceration into community-based substance abuse treatment programs non-violent defendants, probationers and parolees charged with simple drug possession or drug use offenses.' [Citations.]" (*People v. Esparza, supra,* 107 Cal.App.4th at pp. 695–696.)

■ Section 1210.1, subdivision (b) sets forth five exceptions for otherwise eligible defendants. The exceptions are: "1) conviction of prior strike offense *within* five years; 2) convictions in the same proceeding for a nondrug misdemeanor or for any felony; 3) firearm involvement; 4) refusal of drug treatment; and 5) two prior failures in Proposition 36 treatment programs and proof of unamenability to drug treatment. [Citation.]" (*People v. Esparza, supra,* 107 Cal.App.4th at p. 696.)

■ In addition to section 1210.1, section 3063.1 applies to defendants on parole who commit a nonviolent drug possession offense or who violate a drug-related condition of parole. "It provides generally that '[n]otwithstanding any other provision of law' and subject to specified exceptions, 'parole may not be suspended or revoked for commission of' an NDPO [nonviolent drug possession offense]. (§ 3063.1, subd. (a).) Instead, a parolee committing such an offense *must* 'participat[e] in and complet[e] . . . an appropriate drug treatment program.' (*Ibid.*) If, 'during the course of drug treatment' ordered 'under' this provision, a parolee 'violates parole . . . by committing' an NDPO, parole may not be revoked unless 'a preponderance of the evidence establishes that the parolee poses a danger to the safety of others.' (§ 3063.1, subd. (d)(3)(A).) A parolee committing a second such parole violation under these circumstances 'is not eligible for continued parole under' the [Substance Abuse and Crime Prevention] Act. (§ 3063.1, subd. (d)(3)(B).) A parolee also loses eligibility for continued parole under the Act by 'committing an offense other than a nonviolent drug possession offense, or by violating a non-drug-related condition of parole.' (§ 3063.1, subd. (d)(2).) As this discussion demonstrates, the sections of the Act relating to probation and parole are somewhat parallel in terms of the effect they accord to the commission of new offenses. However, as here relevant, they differ in one important respect: the probation provision applies by its terms only if the offender is on probation for an NDPO, whereas the parole provision applies regardless of whether the crime that led to the parole period is an NDPO." (*People v. Guzman* (2005) 35 Cal.4th 577, 586 [25 Cal.Rptr.3d 761, 107 P.3d 860].)

Defendant argues that despite his eligibility for Proposition 36 drug treatment, the trial court erroneously denied probation because he was subject to a parole hold and would therefore not be available for treatment. Defendant contends that the trial court's determination that he would be unavailable for drug treatment was based on speculation. Defendant claims that the probation officer's comment that defendant was expected to be returned to custody was speculative and contained no background information supporting the probation officer's belief.

In *People v. Esparza, supra,* 107 Cal.App.4th 691, Esparza was on probation for a non-drug-related felony when he committed a nonviolent drug possession offense. The drug possession felony resulted in a revocation of Esparza's probation in the non-drug-related felony case. The trial court ordered execution of the prison sentence in the non-drug-related felony and then sentenced Esparza to prison for the nonviolent drug-related felony conviction. (*Id.* at pp. 694–695.)

On appeal Esparza argued that he should have been given probation under Proposition 36, noting that he did not fit into any of the disqualifying criteria for eligibility under section 1210.1, subdivision (b). The Court of Appeal rejected Esparza's assertions. First, the court held that Proposition 36 does not apply to drug-related probation violations for nondrug offenses. (*People v. Esparza, supra,* 107 Cal.App.4th at p. 697.) The appellate court noted that the trial court could have exercised its discretion and reinstated Esparza's probation on the nondrug case in order to permit him to be admitted to drug treatment probation under Proposition 36 in the drug case, but the trial court was not required to do this. (107 Cal.App.4th at pp. 697–698.)

Next, the appellate court found that Esparza was not eligible for drug treatment probation on the drug conviction because he had been sentenced to prison on the non-drug-related offense. "We conclude defendant was eligible for Proposition 36 treatment on the felony drug case under the statutory criteria *only if he had not been sent to prison for the vandalism case.* However, because defendant was sent to prison with no access to drug programs administering Proposition 36 drug treatment, the trial court was not required to engage in the superfluous act of placing a defendant on probation when he could not participate in the treatment program required as a condition of that probation. We do not construe statutes to create absurd results." (*People v. Esparza, supra,* 107 Cal.App.4th at p. 698.) "We conclude that defendant is 'unamenable' when he is unavailable to participate in Proposition 36 programs within the statutory time periods because of his prison sentence." (*Id.* at p. 699.)

The court also found that the issue was not waived when the defendant did not request Proposition 36 treatment. "Placement of eligible defendants in Proposition 36 programs is not a discretionary sentencing choice made by the trial judge and is not subject to the waiver doctrine. [Citation.]" (*People v. Esparza, supra,* 107 Cal.App.4th at p. 699.)

Defendant does not dispute that a person sentenced to prison is not amenable to drug treatment programs under Proposition 36; he instead argues

that the holding of *Esparza* is not applicable to his situation because the determination that he would be sent to prison on a parole violation was speculative and because, unlike the defendant in *Esparza* who was on probation, defendant is on parole.

Respondent relies on the holding in *Esparza* combined with the reasoning of *People v. Espinoza* (2003) 107 Cal.App.4th 1069 [132 Cal.Rptr.2d 670] to support the argument that when a defendant faces a substantial likelihood that his parole will be revoked and that he will be returned to prison, the court may exercise its discretion to deny probation. Respondent contends that defendant's record provides support for the trial court's decision that it was likely that his parole violation would require that he be returned to prison.

In *People v. Espinoza, supra,* 107 Cal.App.4th 1069, Espinoza pleaded no contest to a nonviolent drug possession offense. The trial court sentenced him to prison and he appealed. The appellate court found that Espinoza was properly excluded from probation under section 1210.1 because he was an illegal alien subject to deportation. "In view of the substantial likelihood that defendant will be deported, we hold that probation is not mandatory under Proposition 36 because it is impossible to condition such probation on defendant's completion of a drug treatment program." (*People v. Espinoza, supra,* at p. 1071.) "We do not believe that section 1210.1 compels the trial court to grant probation when the primary purpose and condition of that probation—that the defendant obtain drug treatment—cannot effectively be achieved." (*Id.* at p. 1073.)

 To achieve the fundamental objectives of Proposition 36, "section 1210.1 places two important mandates on the trial court. First, assuming the defendant qualifies as a nonviolent drug offender eligible for drug treatment, the court *must* offer probation in lieu of a jail sentence. Second, and of even greater importance in attaining the objectives of Proposition 36, such probation *must* be conditioned on 'participation in *and completion* of an appropriate drug treatment program.' Thus, the ultimate objective of Proposition 36 is not to mandate probation in lieu of jail sentences. It is to *substitute* community-based drug treatment for jail sentences as a means of dissuading eligible offenders from continued drug use. As the voters were informed in the opening sentence of the ballot pamphlet summary, Proposition 36 '[r]equires probation *and drug treatment,*' rather than incarceration, for simple drug possession offenses. (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) summary of Prop. 36, p. 3, italics added.)" (*People v. Espinoza, supra,* 107 Cal.App.4th at p. 1074, fn. omitted.)

Defendant Espinoza had argued that his current conviction might not make him deportable. The appellate court disagreed and found that there was ample reason to assume that he would be deported again. "He is admittedly here illegally. He has twice previously been deported after committing crimes, and he continued to violate this country's laws after twice illegally reentering this country following deportation. By any measure, defendant is a prime candidate for deportation." (*People v. Espinoza, supra,* 107 Cal.App.4th at p. 1075.)

The court noted that "the decision whether to grant probation to a deportable alien presents special issues." (*People v. Espinoza, supra,* 107 Cal.App.4th at p. 1074.) In footnote 5 the court discussed the laws and policies surrounding deportation. "It is not unreasonable for the trial court to assume that the INS [Immigration and Naturalization Service] will act to deport defendant in furtherance of its federal statutory duties. (See Evid. Code, § 664 [presumption that official duties are regularly performed].) In fact, it is California public policy to *facilitate* deportation of undocumented aliens who commit drug offenses in this state. Penal Code section 5025 establishes procedures to identify and transfer custody of undocumented aliens incarcerated in California to the INS. Uncodified legislative findings accompanying the adoption of section 5025 emphasized that one of its overriding purposes was to focus INS deportation efforts in California on undocumented aliens involved in drug-related crimes, in part to alleviate the burden of these crimes on our communities and courts. (Historical and Statutory Notes, 51C West's Ann. Pen. Code (2000 ed.) foll. § 5025, p. 225.) Health and Safety Code section 11369 mandates notice to the INS whenever there is reason to believe that a person arrested for certain drug offenses in California, including simple possession, may not be a citizen of the United States." (*Id.* at p. 1075.)

The appellate court rejected the defendant's argument that he should be offered drug treatment wherever he might be located. The court concluded, "[W]here the defendant faces a substantial likelihood of imminent deportation, such that his probation cannot effectively be conditioned on completion of a drug treatment program, we hold that . . . section 1210.1 does not preclude the trial court from exercising its discretion to deny probation." (*People v. Espinoza, supra,* 107 Cal.App.4th at p. 1076.)[3]

---

[3] Although respondent notes that defendant did not dispute at sentencing that his parole hold would result in a return to custody, respondent does not argue waiver. Because respondent does not argue waiver, we need not determine if *Esparza* is correct (that sentencing under Prop. 36 is mandatory and not subject to waiver) or if the statements according discretion to the trial courts contained in *Espinoza* are correct, or if there is a combination of mandatory and discretionary decisions that must be made by the trial court under Proposition 36.

Respondent argues that we should apply the reasoning of *Espinoza* to this case and find that when a defendant faces a substantial likelihood that his parole will be revoked and he will be returned to prison, section 1210.1 does not preclude the trial court from exercising its discretion to deny probation.

We do not find that the "substantial likelihood" test in *Espinoza* applicable to illegal aliens is equally applicable to parolees. First, as noted in *Espinoza* "[t]he courts have long recognized that the decision whether to grant probation to a deportable alien presents special issues." (*People v. Espinoza, supra,* 107 Cal.App.4th at p. 1074.) Respondent has not pointed to a similar body of law regarding parolees. More importantly, while it is California's public policy to facilitate deportation of undocumented aliens who commit drug offenses in this state (as in *Espinoza*), section 3063.1 (as discussed above at p. 1043) evidences a public policy favoring Proposition 36 treatment for parolees who meet the eligibility requirements and in fact makes Proposition 36 probation available to parolees under circumstances not available to probationers. (See *People v. Guzman, supra,* 35 Cal.4th at p. 583.) Because defendant is not similarly situated to an undocumented alien facing a substantial likelihood of imminent deportation, we decline to apply the substantial-likelihood test to a parolee subject to a parole hold.

Defendant committed a nonviolent drug possession offense. Unlike the defendant in *Esparza*, defendant here had not yet been committed to prison on a different offense; thus the act of placing him on probation would not have been superfluous at the time of sentencing. Next, unlike the defendant in *Espinoza*, defendant was not subject to imminent deportation.

■ We further note that, without further inquiry or investigation, the trial court accepted at face value the probation officer's conclusion that there was a parole hold for defendant and it was expected that he would be returned to prison. In addition, it was not shown that the parole violations were anything more than yet unproven allegations. The possibility existed that defendant's parole would be discretionarily reinstated to permit him to take advantage of the Proposition 36 programs, particularly since, with the exception of being out of contact with his parole officer, defendant's alleged parole violations involved drug-related conditions. (See *People v. Dagostino* (2004) 117 Cal.App.4th 974, 989–996 [12 Cal.Rptr.3d 223].) Violations of drug-related parole conditions alone or commission of a nonviolent drug possession offense cannot result in a suspension or revocation of parole and instead require an additional parole condition of participation in an appropriate drug treatment program. (§ 3063.1, subd. (a).) Defendant requested help for his

drug addiction. Although defendant had a prior record of offenses other than drug violations, "the provisions of the Act . . . demonstrate the voters' intent not to render offenders convicted of non-NDPO's *permanently* ineligible for the Act's probation requirement." (*People v. Guzman, supra*, 35 Cal.4th at p. 592.)

■ In the absence of evidence in the record to establish defendant was unavailable for drug treatment and thus excludable from a grant of probation, defendant was eligible for probation under Proposition 36. Under the combination of circumstances outlined above, we find that the trial court erred when it excluded defendant from Proposition 36 treatment based only on the expectation that he may be committed to prison on an alleged parole violation.

■ It is not for us to rewrite the statute. The literal application of the eligibility provisions of section 1210.1 in this case does not plainly conflict with the intent of the statute nor do the provisions conflict with a body of law favoring different treatment, such as in the case of an undocumented alien subject to imminent deportation. A literal application of the eligibility provisions would result in a finding that defendant is eligible for Proposition 36 probation. Trial courts are required to follow the law set forth in section 1210.1. (*People v. Campbell* (2004) 119 Cal.App.4th 1279, 1289 [15 Cal.Rptr.3d 188].) We thus must remand this matter to gain the trial court's compliance with this statutory scheme.

Had the court admitted defendant to Proposition 36 treatment and subsequently he was committed to prison on a parole violation (before he completed treatment), "probation revocation would inevitably be scheduled and accomplished under section 1210.1, subdivision (c)(1) and (2) [now subdivision (d)(1) and (2)]. That section provides procedures by which a drug treatment provider and the probation department may petition the court to revoke probation because a defendant is entirely 'unamenable' to drug treatment. . . . . [A] defendant is 'unamenable' when he is unavailable to participate in Proposition 36 programs within the statutory time periods because of his prison sentence." (*People v. Esparza, supra*, 107 Cal.App.4th at p. 699.)

## II. *Blakely* Error[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 1038.

## DISPOSITION

Defendant's conviction not being at issue, the judgment of conviction is affirmed. His judgment of sentence, however, is vacated and the matter is remanded to the trial court to determine if defendant is eligible for probation pursuant to section 1210.1, subdivision (a), and in accordance with the views expressed in this opinion. If defendant is found eligible, then he is entitled to the grant of Proposition 36 probation. If he is found ineligible, based on factors present at the time of his resentencing and based on the substantive law in effect at the time of his original sentencing, then the court is directed to reinstate the judgment of sentence.

Levy, J., and Gomes, J., concurred.