Filed 4/6/26  P. v. Torres CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERGIO PERALTA TORRES,<br><br>    Defendant and Appellant. | F088491<br><br>(Super. Ct. No. 20779)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant Sergio Peralta Torres escaped from custody in 1996, and a jury convicted him of that offense in 1997. After appeal, he was resentenced to a term of 25 years to life in prison pursuant to the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12),[1] plus a one-year enhancement for serving a prior prison term. After procedural errors, the trial court struck defendant's prison prior in 2024 and denied his motion to strike his prior strike conviction.

Defendant appeals, arguing that he was denied due process by the trial court's failure to consider resentencing him pursuant to amendments to the Three Strikes law after his original sentencing and requests that we remand to a different judge for resentencing. The People concede that defendant is entitled to resentencing but argue that the judge's resentencing comments do not reasonably suggest the judge is not impartial. We agree and will remand for resentencing.

## PROCEDURAL BACKGROUND

The District Attorney of Merced County filed an information on September 5, 1996, charging defendant with escape from custody (§ 4532, subd. (b)) and alleging he had suffered two prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12)[2] and served one prior prison term (former § 667.5, subd. (b)). Prior to trial, the trial court granted defendant's motion to dismiss one of the prior strike convictions as barred by section 654 because the two prior strike convictions occurred on the same occasion. The prosecution appealed.

A jury convicted defendant on December 5, 1997. After defendant stipulated to a court trial regarding his prior strike conviction and prior prison sentence, the trial court found the allegations true on December 8, 1997. On April 3, 1998, the trial court denied

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Defendant was convicted of forcible rape (former § 261) and kidnapping (former § 207).

defendant's motion to strike his remaining prior strike conviction and sentenced him to seven years (double the upper term of three years pursuant to § 667, subd. (e)), plus one year for the former section 667.5, subdivision (b) enhancement. The court further ordered defendant to pay a $4,000 restitution fine (§ 1202.4, subd. (b)) and a suspended $4,000 parole revocation restitution fine (§ 1202.45).

Defendant appealed, and we reversed the trial court's ruling dismissing one of defendant's prior strike conviction allegations and remanded the matter for a trial as to that allegation. (*People v. Torres* (May 3, 1999, F029661) [nonpub. opn.].) After defendant waived his right to a jury trial as to the remanded prior strike allegation, the court found it true. On December 20, 1999, the trial court denied defendant's motion to strike his prior strike conviction and resentenced defendant to a term of 25 years to life (§ 667, subd. (b)), plus one year (former § 667.5, subd. (b)) and further ordered defendant to pay a $4,000 restitution fine (§ 1202.4, subd. (b)) and a suspended $4,000 parole revocation restitution fine (§ 1202.45). Defendant again appealed, and we affirmed the judgment and sentence. (*People v. Torres* (Jul. 10, 2001, F034673) [nonpub. opn.].)

On April 26, 2022, while defendant was still in custody, the court appointed counsel to represent him and set a hearing to determine his eligibility for relief under former section 1171.1 (now § 1172.75)[3] after the Department of Corrections and Rehabilitation identified him as a person serving a prior prison term enhancement. Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b),

---

[3]    Senate Bill No. 483 (2021–2022 Reg. Sess.) added former section 1171.1 (Stats. 2021, ch. 728, § 3), which became effective January 1, 2022. The Legislature renumbered section 1171.1 to section 1172.75, effective June 30, 2022, without any substantive change. (Stats. 2022, ch. 58, § 12.)

3.

and orders resentencing for defendants upon whom they were imposed. (See Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.)

The trial court struck the prior strike conviction enhancement on June 17, 2022. The trial court struck the prior prison term enhancement (former § 667.5, subd. (b)) and otherwise imposed the same sentence on August 25, 2022. On November 17, 2023, the matter was before the trial court again because, as the prosecutor explained, defendant had not been present at either the June 17, 2022 or August 25, 2022 hearing and was entitled to resentencing.[4] However, defendant was not present at the November 17, 2023 hearing, and the court granted defense counsel's request to continue the hearing until December 15, 2023. At the December 15, 2023 hearing, defendant was again not present (due to the prosecution's error in preparing a removal order), and defense counsel requested the court continue the matter until March 1, 2024, to permit counsel sufficient time to prepare a motion to strike defendant's prior convictions.

The prosecutor filed a resentencing brief on February 22, 2024, arguing that the trial court should impose the same 25-year-to-life sentence and that defendant was not entitled to seek resentencing under Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act).)

On March 1, 2024, defense counsel asked for "one more" continuance until June 2024 to complete defendant's memorandum for resentencing as she had "missed an issue" and was still waiting on defendant's file. The trial court continued the resentencing hearing until June 12, 2024. The June 12, 2024 resentencing hearing was vacated by stipulation of the parties.

On August 12, 2024, the parties appeared for resentencing. Defense counsel indicated to the court that she planned on "renewing the *Romero*[5] Motion" but had to

---

[4]     Defendant filed a writ of habeas corpus.

[5]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

reschedule a phone appointment with defendant to discuss factors in mitigation; she requested that the court permit "further briefing for the full resentencing motion." The court replied, "I've about had enough of this case. I keep appearing on it. And this is like [defendant's] eighth bite at the apple." The court stated that it recognized it had discretion to fully resentence defendant but "decline[d] to exercise it" and denied defendant's motion to strike his prior strike conviction. The court, however, did not pronounce sentence, and no abstract of judgment from that resentencing hearing appears in the appellate record.

Defendant filed this timely appeal on August 12, 2024.

## DISCUSSION

### I.  *Defendant is entitled to a full resentencing.*

At the time defendant was sentenced, former section 667.5, subdivision (b) required that trial courts "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served if he had not remained free of custody for at least five years. (Stats. 2014, ch. 442, § 10.) Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit prior prison term enhancements only to prior prison terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.)

The Legislature enacted former section 1171.1 to address those defendants whose sentences were final before section 667.5, subdivision (b) took effect: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense[,] … is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county are directed to identify individuals in custody

and "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)" and provide the information to the court who sentenced the individuals identified. (§ 1172.75, subd. (b).) The court is directed to review the judgment, and if it included a sentencing enhancement "described in [section 1172.75,] subdivision (a)," "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

As a result of defendant's petition pursuant to section 1172.75, the trial court struck the prior strike conviction on June 17, 2022, and otherwise imposed the same sentence on August 25, 2022. However, defendant had the right to be present at his resentencing and was not, therefore a new section 1172.75 hearing was required. New proceedings on defendant's petition commenced on November 17, 2023, however, defendant was again not present, nor was he present at the continued hearing on December 15, 2023.

After another continuance, the parties appeared for resentencing on August 12, 2024, at which time the trial court denied defense counsel's request for another continuance to permit filing of a renewed motion to dismiss defendant's prior strike conviction. Although the trial court denied defendant's motion to strike his prior strike conviction, it stated that it had discretion to fully resentence defendant but "decline[d] to exercise it" and did not pronounce sentence nor prepare an amended abstract of judgment pursuant to resentencing. However, section 1172.75 clearly states that the court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); see also *People v. Rhodius* (2025) 17 Cal.5th 1050, 1058 ["any prisoner whose judgment includes such an enhancement is entitled to resentencing under section 1172.75"]; *id.* at p. 1068 ["the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75"].)

The parties have not addressed this issue. We conclude that the trial court's failure to resentence defendant requires reversal of the trial court's order denying resentencing,

and we remain for resentencing and reconsideration of defendant's motion to strike his prior strike conviction.[6]

Defendant argues that remand for resentencing is required in light of our Supreme Court's recent decision in *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*), and the People agree. We accept the People's concession.

The Legislature directs resentencing courts to apply "the sentencing rules of the Judicial Council and … any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The courts are directed to apply the sentencing laws currently in effect and may consider enumerated postconviction factors that reflect the defendant's reduced risk of future violence and changed circumstances such that the defendant's continued incarceration is no longer in the interest of justice. (§ 1172.75, subd. (d)(2), (3).)

A question arose as to whether section 1172.75 permitted resentencing pursuant to changes in the Three Strikes law after a defendant's original sentencing. In 2012, voters enacted the Reform Act, which limited indeterminate life sentences for nonserious, nonviolent third strike offenses to a sentence of double the term of the current felony. (§ 1170.12, subd. (c)(1), (2)(C).) The Reform Act authorizes defendants "presently serving an indeterminate term of imprisonment" pursuant to the Three Strikes law for a third nonserious, nonviolent strike to file a petition for a recall of sentence and request resentencing in accordance with the Reform Act. (§ 1170.126, subd. (a).) It also provides that courts may deny petitions of defendants determined to pose an unreasonable risk of danger to public safety. (*Id.*, subd. (f).)

---

[6] While the trial court's acknowledgement of discretion could refer to its consideration of defendant's motion to strike his prior strike conviction, the failure to pronounce sentence strongly suggests that the court believed it had the discretion not to resentence defendant. However, section 1172.75 is clear that the court must resentence defendant, even if it ultimately decides that the length of the sentence should remain unchanged.

The *Guevara* majority held a defendant is entitled to a full resentencing pursuant to section 1172.75, including resentencing pursuant to the revised penalty provisions of the Reform Act, provided that he or she can satisfy the substantive eligibility criteria established in section 1170.126.[7] (*Guevara, supra*, 18 Cal.5th at pp. 877–878.) Our Supreme Court held that, as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act. (*Guevara*, at p. 850.) Because section 1172.75 and section 1170.126 operate harmoniously, the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75. (*Guevara*, at p. 850.)

Accordingly, the *Guevara* court reversed the judgment of the Court of Appeal and ordered the matter remanded to the trial court for it to determine whether resentencing "pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety.' " (*Guevara, supra*, 18 Cal.5th at p. 878.)[8]

___

[7] We express no opinion as to whether the trial court will find defendant eligible for resentencing pursuant to the Reform Act in light of his 1984 forcible rape conviction pursuant to former section 261. (See § 1170.126, subd. (e) [to be eligible for resentencing under the Reform Act, an inmate may not have prior convictions for any of the offenses appearing in § 667 (e)(2)(C)(iv) or § 1170.12, subd. (c)(2)(C)(iv)].) The lists of super strike offenses set out in sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv) include a " 'sexually violent offense' as defined" in "subdivision (b) of Section 6600 of the Welfare and Institutions Code," which "means the following acts when committed by force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury on the victim …:  a felony violation of Section 261 … of the Penal Code" (Welf. & Inst. Code, § 6600, subd. (b)).

[8] "In exercising this discretion, the voters established that the resentencing court may consider:  '(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.' " (*Guevara, supra*, 18 Cal.5th at p. 866, fn. 9.)  For eligible defendants, section 1172.75 requires a new determination as to whether a defendant's resentencing would " 'pose an unreasonable risk of danger to public safety' " as of the present day and that it is

If so, the court was directed to "reimpose an indeterminate term."[9] (*Guevara*, at p. 878.) If not, the court was directed to resentence the defendant pursuant to the revised penalty provisions of the Reform Act. (*Guevara*, at p. 878.) Pursuant to the full resentencing rule, the court may also exercise its sentencing discretion in light of any changed circumstances. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

We will, therefore, vacate defendant's sentence and remand for a full resentencing. The court is directed to reconsider defendant's sentence under section 1172.75 and *Guevara, supra*, 18 Cal.5th 838, as well as to consider any other changes in sentencing law that apply to defendant at the time of his resentencing and are raised by the parties, including enumerated postconviction factors and changed circumstances that may inform a motion to strike defendant's prior strike conviction and reflect the defendant's reduced risk of future violence or that circumstances have changed such that the defendant's continued incarceration is no longer in the interest of justice.[10] The trial court shall pronounce sentence and prepare an amended abstract of judgment.

## II.    *Remand to sentencing judge.*

Defendant cites section 1260, which authorizes this court to "remand the cause to the trial court for such further proceedings as may be just under the circumstances," and requests that we direct that any further trial court proceedings be conducted before a different judge. Defendant believes the record shows a reasonable person would doubt the court's ability to be impartial, as evidenced by the judge's comment: "I've about had

---

possible that a defendant who once presented a threat to public safety may no longer present a threat due to significant rehabilitation, serious illness, or advanced age. (*Guevara*, at p. 878, fn. 17.)

[9]    We do not interpret the Supreme Court's language to preclude consideration of whether to strike a prior strike conviction pursuant to section 1385, subdivision (a), as this is part of the full resentencing requirement of section 1172.75.

[10]    We express no opinion as to whether defendant's 25-year-to-life sentence should be reduced.

enough of this case." The People respond that a reasonable person would not question the judge's impartiality based on the comment. We agree.

Code of Civil Procedure section 170.1, subdivision (c) states as follows: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." "With respect to sentencing error in particular, 'the statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it.' " (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1256.) "The interests of justice require it, for example, where a reasonable person might doubt whether the trial judge was impartial [citation], or where the court's rulings suggest the 'whimsical disregard' of a statutory scheme." (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303.) For example, the defendant in *People v. Enriquez* (2008) 160 Cal.App.4th 230 was placed on probation under Proposition 36 (the Substance Abuse and Crime Prevention Act of 2000), which generally gives substance abuse probationers several chances before a court can terminate probation and impose a prison sentence. The judge made a number of derogatory remarks on the record, which displayed an "unabashed animosity toward Proposition 36, and particularly toward those defendants … who are unable to complete Proposition 36 probation without a violation." (*Enriquez*, at p. 244.) The appellate court therefore concluded the judge's comments on the record gave "rise to a reasonable doubt about whether he [could] be impartial" (*id.* at p. 244) and remanded the case to be heard before a different judge (*id.* at p. 245). Erroneous rulings, without more, are not enough to justify the removal of a trial judge from further proceedings in a case. (*Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 59–60.)

In our view, the court did not display a level of bias or animosity toward defendant or the resentencing scheme which would cause us to doubt its ability to be impartial at the time of resentencing. The judge's comments, "I've about had enough of this case," and

"this is like [defendant's] eighth bite at the apple," appear reflective of the numerous and lengthy continuances since the case was returned for resentencing and not animosity to either defendant or in general to the resentencing provisions enacted by the Legislature.

Rather, the record simply reflects an erroneous procedural ruling and possibly a bit of frustration because the matter had been continued several times to permit defendant to prepare. Under these circumstances, the interests of justice do not require this case to be heard by a different judge on remand.

## DISPOSITION

Defendant's sentence is vacated, and the case remanded to the trial court for a full resentencing. The court is directed to reconsider defendant's sentence under section 1172.75 and *Guevara, supra*, 18 Cal.5th 838, as well as to consider any other changes in sentencing law that apply to defendant at the time of his resentencing and are raised by the parties.

The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation following defendant's resentencing.


                                                                        HILL, P. J.
WE CONCUR:


DETJEN, J.


HARRELL, J.


11.