[No. A105691. First Dist., Div. Three. Jan. 31, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
RONNY BOYCE FOREMAN, Defendant and Appellant.

**COUNSEL**

Leslie Prince, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Ayana A. Cuevas, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORRIGAN, J.—** ■ Here we conclude that forging or presenting a forged prescription to obtain drugs, in violation of Health and Safety Code section 11368, does not fall under Proposition 36.

## FACTUAL AND PROCEDURAL BACKGROUND

Our discussion of the facts is limited because no preliminary hearing was conducted and defendant agreed to a court trial based on the police reports. Defendant was arrested when he appeared at a pharmacy to collect a prescription for Vicodin. The prescription was written, without authorization, on a doctor's preprinted pad. The physician's signature was forged. Similar prescriptions were discovered at other pharmacies.

Initially referred to the drug court for treatment, defendant was ultimately excluded from the program following multiple drug test failures. He has a 20-year history of heroin and Vicodin addiction. Having been charged with 15 felony counts, he was convicted of violating Health and Safety Code section 11368 on four separate dates.

In rejecting defendant's argument that he was eligible for treatment under Proposition 36, the court held that forging or uttering a prescription is not a "nonviolent drug possession offense" within the meaning of the statutory scheme.[1] Defendant was sentenced to four years in prison but placed in the California Rehabilitation Center as a drug addict.

## DISCUSSION

This case of first impression turns on whether a violation of Health and Safety Code section 11368 falls under the statutes codifying Proposition 36. As noted, we hold that it does not.

■ With some exceptions not relevant here, Proposition 36 requires probation and drug treatment for those convicted of a "nonviolent drug possession offense." (Pen. Code, § 1210.1, subd. (a).) Such an offense is defined as "the unlawful personal use, possession for personal use, or transportation for personal use" of certain controlled substances or as being under the influence of a drug in violation of Health and Safety Code section 11550. (Pen. Code, § 1210, subd. (a).) Drug sale, production and manufacture do not fall within the definition. (*Ibid.*)

---

[1] Proposition 36 is codified in Penal Code sections 1210, 1210.1, and 3063.1 and Health and Safety Code section 11999.4 et seq. (*People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530, 535 [118 Cal.Rptr.2d 529].)

Defendant acknowledges that Health and Safety Code section 11368 is not specifically mentioned in the codifying statutes. He urges, however, that because he uttered the prescriptions in order to obtain drugs for himself "the crux" of his crimes was personal drug possession. The well established principles of statutory interpretation defeat his argument.

■ "In interpreting a voter initiative such as Proposition 36, we apply the same principles that govern the construction of a statute. [Citations.]" (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) We examine the language according to its usual and ordinary meaning, in the context of the overall statutory scheme. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) We give significance to every word, phrase, and sentence, in a manner consistent with the legislative purpose. Our role is to ascertain the Legislature's or the People's intent and to " ' "effectuate the purpose of the law." ' " (*Canty, supra,* at p. 1276.)

■ Defendant's position runs afoul of the rule that "[i]f the Legislature has provided an express definition of a term, that definition ordinarily is binding on the courts." (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) Here the Legislature has expressly defined "nonviolent drug possession offense." That definition does not include the conduct of which he stands convicted.   ■   When statutory language is clear and unambiguous, additional construction is unnecessary. (*Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735.) The Legislature could have adopted a broader definition, or could have included Health and Safety Code section 11368 in a list of those offenses falling under Proposition 36. It did neither. We cannot and will not do what the Legislature could have but did not do. ■   When "a statutory scheme designed to provide treatment for nonviolent drug offenders fails to include a particular nonviolent drug offense, it is for the Legislature, not the courts, to amend the statute to add the missing offense. . . . It is an elementary principle that the judicial function is simply to ascertain and declare what is in the terms and substance of a statute, not to insert what has been omitted or omit what has been inserted. [Citations.]" (*People v. Sharp* (2003) 112 Cal.App.4th 1336, 1342 [5 Cal.Rptr.3d 771].)

■ Defendant would have us go beyond the plain meaning of the statute and conclude that the particular circumstances of his case bring him within Proposition 36. The language and structure of the statute do not authorize this particularized application. Penal Code section 1210, subdivision (a) gives a very clear definition of "nonviolent drug possession offense," both in terms of what the phrase includes and what it does not. *Canty, supra,* 32 Cal.4th 1266, while distinguishable, is instructive. It is the very distinction between *Canty* and this case that informs the outcome here. Canty was convicted of felonious drug transportation and the misdemeanor of driving under the

influence of a controlled substance. His eligibility for Proposition 36 treatment depended on whether the driving conviction was a "misdemeanor not related to the use of drugs." ■ Penal Code section 1210, subdivision (d) defines such a misdemeanor as one that does not involve "simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or . . . *any activity similar to those listed*" in another section. (Italics added.) Because of the generalized language set out in italics the Supreme Court concluded that the statute required interpretation. Considering whether Canty's conduct fell within this broader definition, the court concluded that it did not. In setting out its analysis, the *Canty* court cited the general rule that express legislative definitions are ordinarily binding on the courts. It was the Legislature's inclusion of the additional generalized language that made judicial explication necessary. (*Canty, supra,* at pp. 1276–1277.)

■ Neither the People by initiative, nor the Legislature in its enabling legislation chose to broaden the term "nonviolent drug possession offense" as defendant would have us do here. The Legislature has criminalized the possession and use of certain drugs. As the Supreme Court has explained, Proposition 36 mandates treatment for "those offenders whose illegal conduct is *confined to* using, possessing, or transporting a controlled substance. Its provisions outline 'an alternative sentencing scheme' for persons convicted of certain drug offenses. [Citation.] 'In effect, it acts as an exception to the punishment' provided for certain offenses involving controlled substances. [Citation.]" (*Canty, supra,* 32 Cal.4th at p. 1275, italics added.) The scope of this exception has been carefully delineated. It is our responsibility to faithfully implement that delineation.

■ Defendant points out that Health and Safety Code section 11368 is not specifically excluded as a qualifying offense. Neither is burglary. By extension of defendant's logic, if he burglarized a pharmacy to steal Vicodin for his personal use he would fall under Proposition 36. Such a result is clearly neither contemplated nor authorized. We agree with the conclusion reached in *In re Ogea* (2004) 121 Cal.App.4th 974 [17 Cal.Rptr.3d 698]. In passing the initiative as drafted "the voters intended to define the offenses qualifying for Proposition 36 treatment only as the offenses of unlawful personal use, possession for personal use, or transportation for personal use of the identified controlled substances—and nothing else." (*Id* at p. 982.)

## DISPOSITION

The judgment is affirmed.

McGuiness, P. J., and Pollak, J., concurred.