[No. C049566. Third Dist. June 7, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILIP CONRAD BUDWISER, Defendant and Appellant.

## COUNSEL

Betsy S. Kimball, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Assistant Attorneys General, Stephen G. Herndon and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Defendant Philip Conrad Budwiser was charged with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count one) and misdemeanor possession of a methamphetamine pipe (Health & Saf. Code, § 11364; count two). It was further alleged that defendant had served a prior prison term (Pen. Code, § 667.5, subd. (b);

undesignated section references are to the Penal Code) and that defendant was ineligible for probation except in an unusual case (§ 1203, subd. (e)(4)).

Defendant entered a plea of no contest to count one and admitted the prior prison term allegation. The court dismissed count two upon the prosecutor's motion.

On July 7, 2004, the court granted probation under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (the Act) (§ 1210).

On September 27, 2004, defendant failed to appear in court at a scheduled hearing. Probation was revoked and a bench warrant issued. Defendant was arrested and later released on October 15, 2004. He failed to appear on November 29, 2004, and a bench warrant issued.

A petition for revocation of probation was filed on December 2, 2004, alleging the failure to appear (FTA) on November 29, 2004.

On December 13, 2004, the court summarily revoked probation. Defendant was in Folsom State Prison and was ordered to appear on the violation of probation. On February 9, 2005, he denied the FTA alleged in the December 2, 2004, petition.

On March 4, 2005, a petition for revocation of probation alleged that defendant had been discharged from the Proposition 36 treatment program on or about November 17, 2004, based on three positive methamphetamine tests and one failure to test. The probation officer recommended residential drug treatment.

On March 7, 2005, a petition for revocation of probation alleged that on November 23, 2004, defendant was in possession of "a kit attached to his person consisting of a plastic hollow tube taped to his penis connected to a bottle filled with clean urine," i.e., a "whizanator" device. The probation officer recommended termination of Proposition 36 treatment and commitment to state prison.

After a single contested hearing on March 30, 2005, the petition filed December 2, 2004, was dismissed and the court found the allegations in the petitions filed March 4 and 7, 2005, to be true. The court found that "defendant poses a danger to the safety of others or is unamenable to drug treatment." The court found defendant was no longer eligible for probation under the Act and sentenced him to state prison for an aggregate term of three years.

Defendant appeals, contending his procedural rights under the Act and his due process rights were violated in that the court conducted only one hearing on two revocation petitions. We shall conclude the trial court did not violate the Act by conducting a single hearing on the two separate revocation petitions. Defendant also contends insufficient evidence supports the finding that he is a danger to others. However, the trial court also found defendant was unamenable to treatment, and substantial evidence supports that finding. We shall therefore affirm the judgment.

DISCUSSION

I.

Defendant contends, "[DEFENDANT]'S PROCEDURAL RIGHTS UNDER PROPOSITION 36 AND HIS CONSTITUTIONAL DUE PROCESS RIGHTS WERE VIOLATED BY THE FACT THAT THE COURT HELD ONE HEARING ON THE TWO REVOCATION PETITIONS."

Defendant contends his statutory and constitutional rights were violated because the trial court held but one hearing on the petitions to revoke probation filed on March 4 and March 7, 2005.

The March 4 petition was based on defendant's discharge from his drug treatment program on November 19, 2004, following three positive methamphetamine tests and one failure to test.

The March 7 petition was based on defendant's wearing the "whizanator" device on November 23, 2004.

■ Because both petitions for revocation concerned violations of drug related conditions of probation, revocation of probation is governed by section 1210.1, subdivision (e)(3)(A) and (B), which provides as follows:

"(3) Drug-related probation violations

"(A) If a defendant receives probation under subdivision (a), and violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by

a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may intensify or alter the drug treatment plan.

"(B) If a defendant receives probation under subdivision (a), and for the second time violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves for a second time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence either that the defendant poses a danger to the safety of others or is unamenable to drug treatment. In determining whether a defendant is unamenable to drug treatment, the court may consider, to the extent relevant, whether the defendant (i) has committed a serious violation of rules at the drug treatment program, (ii) has repeatedly committed violations of program rules that inhibit the defendant's ability to function in the program, or (iii) has continually refused to participate in the program or asked to be removed from the program. If the court does not revoke probation, it may intensify or alter the drug treatment plan." (§ 1210.1, subd. (e)(3)(A) & (B).)

■ Contrary to defendant's argument, paragraphs (A) and (B) of section 1210.1, subdivision (e)(3) do not require separate hearings. The event triggering revocation for each provision is the separate motion to revoke probation filed by the People. Although each provision requires "a hearing to determine whether probation shall be revoked," nothing in the statute requires that the hearings be separate. What is important under both (A) and (B) is that the defendant has committed separate violations of probation (indicating his unamenability to treatment), resulting in separate motions (petitions) to revoke, not whether the violations are adjudicated in separate hearings. Moreover, it would be an absurd waste of judicial resources to construe the statutes so as to require a separate hearing for each motion to revoke probation.
■ We must give the statute a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 [110 Cal.Rptr.2d 828, 28 P.3d 876].)

■ The trial court did not err in conducting a single hearing to adjudicate the two separate probation violations and the resultant petitions to revoke probation. Since the trial court was within the authorization of the statute, there was no constitutional due process violation.

## II.

Defendant next contends, "THE PEOPLE DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT [DEFENDANT] IS A DANGER TO OTHERS."

We need not consider the sufficiency of the evidence as to whether defendant poses a danger to others, since the evidence abundantly supports the trial court's finding that defendant was unamenable to treatment. He was removed from the treatment program for three "dirty" tests and one failure to test. He was subsequently found with a "whizanator" strapped to his penis.

The evidence shows defendant is more interested in avoiding detection than in curing his drug habit. All in all, he has demonstrated that he has no intention of complying with a treatment program. "Whiz" kids don't want drug treatment. Substantial evidence supports the trial court's finding that the defendant was unamenable to treatment so that the trial court did not abuse its discretion in revoking probation and in sentencing defendant to state prison. (§ 1210.1, subd. (e)(3)(B).)

## DISPOSITION

The judgment is affirmed.

Morrison, J., and Butz, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 27, 2006, S145118. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.