Filed 12/12/22 P. v. Ferreira CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS FERREIRA,<br><br>    Defendant and Appellant. | H049826<br>(Monterey County<br>Super. Ct. No. 19CR008758) |

Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, diverts nonviolent drug offenders into community-based treatment programs as an alternative to incarceration. " 'Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time. The first time an offender violates a *drug-related* condition of probation, he is entitled to be returned to probation unless he poses a danger to others. [Citation.] The second time he violates a drug-related condition of probation, he is entitled to be returned to probation unless he poses a danger to others or is unamenable to treatment. [Citation.] Only upon a third violation of a drug-related condition of probation does an offender lose the benefit of Proposition 36's directive for treatment instead of incarceration. [Citation.] Upon such a violation, the court regains its

discretion to impose jail or prison time.' " (*People v. Hazle* (2007) 157 Cal.App.4th 567, 572-573 (*Hazle*); Pen. Code, § 1210.1, subd. (e)(3).[1])

Appellant Jose Luis Ferreira appeals the judgment revoking his Proposition 36 probation (§ 1210.1) and committing him to prison for a term of 32 months. The Attorney General concedes that reversal is required because the record does not establish that the second motion to revoke probation was served on Ferreira before he committed the violations of probation alleged in the third motion to revoke probation. We accept the concession and reverse.

## I. BACKGROUND

Ferreira pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike conviction (§ 1170.12, subd. (c)(1)). The trial court suspended imposition of sentence and granted Ferreira probation pursuant to Proposition 36 for a period of three years.

A month later, on January 15, 2021, the probation department filed a petition to revoke Ferreira's probation on the ground that he had tested positive for methamphetamine. When Ferreira failed to appear for arraignment on the revocation petition, the trial court summarily revoked probation and issued a bench warrant.

On February 18, 2021, Ferreira appeared on the warrant, and the trial court released Ferreira and continued the matter to March 17, 2021, for hearing on the

---

[1] Unspecified statutory references are to the Penal Code. In 2006, the Legislature adopted Senate Bill No. 1137 (2005-2006 Reg. Sess.), which amended section 1210.1. (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 647, fn. 2 (*Zeigler*).) In *Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, the amendments made to section 1210.1 by Senate Bill No. 1137 were deemed unconstitutional. "Although the amendments from Senate Bill 1137 are invalid, they remain 'on the books.' " (*Zeigler*, *supra*, at p. 647, fn. 2.) We refer to the section 1210.1 and the subdivisions at issue by their original, pre-amendment designations for consistency with relevant decisions before and after the invalid amendments.

2

"PC 1203.2 Petition filed January 15, 2021/VOP arraignment based on additional VOP Petitions that will be filed." That same day, the prosecutor filed a "notice of violation of probation"—also to be heard March 17, 2021—alleging that Ferreira had failed to appear for a January review hearing.

The following month, on March 8, 2021, the probation department filed another petition for revocation of probation, alleging that Ferreira had tested positive for methamphetamine on March 2 and 5, 2021, had failed to report as directed to the probation department, and had failed to obey all laws as methamphetamine was found in his mobile home following a probation search. On March 11, 2021, Ferreira was arraigned on the March 8, 2021 petition and the failure to appear for the January 21, 2021 review hearing.

In October 2021, the date set for the formal revocation hearing, Ferreira admitted the allegations in the first and second petition, and further admitted several of the allegations in the third petition—that he used drugs on March 2 and 5, 2021, and that methamphetamine had been found in his mobile home. The trial court terminated Proposition 36 probation without making any findings as to Ferreira's dangerousness or amenability to treatment.

On February 9, 2022, the trial court denied Ferreira's *Romero*[2] motion and sentenced him to the lower term of 16 months, doubled to 32 months due to his prior strike.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

## II. DISCUSSION[3]

On appeal, Ferreira argues that the trial court lacked authority to sentence him to prison on a revocation of Proposition 36 probation because the probation department had filed only two revocation petitions, and because the court adjudicated his violations of probation in a single consolidated revocation hearing. The Attorney General concedes that reversal is required because there is insufficient evidence that Ferreira received timely notice of the District Attorney's February 18, 2021, notice of a probation violation. Because we accept the concession and reverse on that ground, we need not reach Ferreira's further contentions.

Under section 1210.1, subdivision (e)(3), a threshold requirement for each escalation of sanctions for nonviolent and drug-related probation violations is that the state must successively *move* to revoke probation and serve the probationer with notice of the motion. (*Hazle*, *supra*, 157 Cal.App.4th at pp. 574-575.) Appellate courts are divided as to whether section 1210.1 entitles the probationer to three separate revocation hearings before the trial court may revoke probation and sentence the probationer to jail or prison. (Compare *People v. Tanner* (2005) 129 Cal.App.4th 223, 236 ["the trial court has the authority to consider the matters brought before it by the state and to revoke probation under the Act after it has been moved three separate times for violations of drug-related conditions of probation and those are proven or admitted after three hearings"] with *People v. Budwiser* (2006) 140 Cal.App.4th 105, 109 ["it would be an absurd waste of judicial resources to construe the statutes so as to require a separate

---

[3] Although Ferreira did not object to the termination of his Proposition 36 probation on the grounds raised on appeal, he argues that the trial court imposed an unauthorized sentence when it terminated Proposition 36 probation. (See *People v. Scott* (1994) 9 Cal.4th 331, 354, fn .17.) Thus, he did not forfeit his claim despite failing to raise them below, and we need not address his derivative claim of ineffective assistance of counsel.

4

hearing for each motion to revoke probation"]; *Hazle*, *supra*, 157 Cal.App.4th at p. 574 ["we do not believe three *temporally distinct* hearings are required"].) At a minimum, however, it is not until after service of a second motion to revoke probation that a probationer's continued drug abuse forfeits the benefit of Proposition 36's directive for treatment in lieu of incarceration. (*Hazle*, *supra*, 157 Cal.App.4th at p. 576.) "That way, the possibility or likelihood of losing Proposition 36 eligibility is brought home to [the probationer], providing an incentive to stop the errant behavior." (*Ibid.*)

Thus, in *Hazle*, *supra*, 157 Cal.App.4th 567, the Third District concluded that reversal was required after the trial court terminated Proposition 36 after three motions to revoke probation were filed because notice of one of the motions was not given before the conduct underlying the subsequent motion occurred. (*Id.* at p. 577.) There, a first probation violation petition alleged a drug-related violation, and a second, filed May 20, 2005, alleged that the defendant had been terminated from his drug treatment program due to non-compliance. (*Id.* at p. 570.) The third petition filed in *Hazle*, however, alleged that the defendant had possessed alcohol on May 19, 2005—in other words, "the facts supporting the third petition occurred *before* the second petition had been filed, and perforce *before* it was served on defendant." (*Id.* at p. 571.) *Hazle* concluded reversal was appropriate because the defendant was "entitled to three distinct periods of probation before he can be found ineligible." (*Id.* at p. 577.)

As in *Hazle*, nothing in the record establishes that Ferreira was served with the District Attorney's February 18, 2021 notice of a probation violation before his drug use and possession as alleged in the probation officer's March 8, 2021 petition. The District Attorney filed no proof of service, and the minute order of the February 18, 2021 hearing indicates only that the case was continued for a hearing on the "PC 1203.2 Petition filed January 15, 2021/VOP arraignment based on additional VOP Petitions that will be filed." The March 8, 2021 probation violation alleged several violations, including positive drug

tests on March 2 and March 5, 2021. Yet it is unclear whether Ferreira received service of the District Attorney's February 18, 2021 notice before he committed the violations alleged in the March 8, 2021 petition. (*Hazle*, *supra*, 157 Cal.App.4th at p. 577.)

In *People v. Enriquez* (2008) 160 Cal.App.4th 230, the Court of Appeal found that two probation revocation petitions could not be treated as separately noticed motions under section 1210.1 because the first petition was filed only a day before the conduct underlying the second petition and there was nothing in the record to suggest that the defendant received notice of the first petition before he committed the conduct alleged in the second petition. (*Id.* at p. 242.) The record in this case suffers from the same defects as *Enriquez*—it does not establish that the District Attorney served Ferreira with the February 18, 2021 notice of violation before Ferreira's March 2021 probation violations. Accordingly, the trial court lacked a basis for treating Ferreira as a third-time violator under section 1210.1, subdivision (e)(3)(C). (See *Hazle*, *supra*, 157 Cal.App.4th at p. 577.) A defendant who has been served with and admitted the allegations of no more than two drug-related probation revocation petitions is entitled under Proposition 36 to be returned to probation unless he poses a danger to others or is unamenable to treatment, and the record does not reflect that the trial court made any such findings at the sentencing hearing. (§ 1210.1, subd. (e)(3)(B).) On the face of this record, then, the trial court's sentence was unauthorized. We must therefore reverse the judgment.

### III.   DISPOSITION

The judgment is reversed. On remand, the trial court shall reinstate Ferreira on Proposition 36 probation unless the trial court finds that he poses a danger to the safety of others or is unamenable to drug treatment. (§ 1210, subd. (e)(3)(B).)

6

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P.J.



_____
GROVER, J.




*People v. Ferreira*
H049826