Filed 8/2/22 P. v. Torres CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIGIDO TORRES,<br><br>    Defendant and Appellant. | F082533, F082534<br><br>(Super. Ct. Nos. VCF363430,<br>PCF362571)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Stephen Drew, Judge. (Retired Judge of the Tulare Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

While on formal probation, appellant Brigido Torres was arrested twice for domestic violence offenses, leading the People to file new criminal charges. At a contested probation revocation hearing, the trial court took judicial notice of a memorandum by the probation officer detailing the fact of the arrests and charges but providing no description of appellant's underlying conduct. Based on the memorandum alone, the trial court found appellant violated his probation and sentenced him to two years in state prison.

On appeal, appellant contends the trial court's finding was not supported by substantial evidence. We agree. The fact appellant was arrested and charged is not evidence he violated the conditions of his probation. We reverse.

## BACKGROUND

In May 2018, appellant pled no contest to charges in two different pending cases. In case No. PCF362571, he pled no contest to first degree burglary (Pen. Code, §§ 459, 460, subd. (a)),[1] forgery relating to identity theft (§§ 475, subd. (b), 473, subd. (a)), and grand theft of a firearm (§ 487, subd. (d)(2)). In case No. VCF363430, he pled no contest to vehicle theft (Veh. Code, § 10851, subd. (a)). In both matters, appellant was placed on three years of formal probation with the condition that he "obey all laws, state, local, federal."

On August 6, 2020, the Tulare County Probation Department filed a document titled "Certificate and Affidavit of the Probation Officer" alleging appellant violated the terms and conditions of his probation by failing to obey all state laws. In an attached memorandum, the probation officer summarized the alleged violation as follows:

> "[Appellant] remained in compliance with his terms and conditions of
> probation until June 10, 2020, when he was arrested by Hanford Police and

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

2.

booked at the Kings County Jail regarding an alleged violation of PC 273.5(a); Kings County Superior Court, case #20CM2729, filed on June 11, 2020.

"On July 24, 2020, I contacted [appellant] at his reported address. [Appellant] advised he posted bail in the Kings County matter and further advised he was scheduled to return before the [c]ourt on August 24, 2020. [Appellant] was directed to report any changes of address or phone number and was also advised to obey all laws.

On July 26, 2020, [appellant] was arrested and booked at the Tulare County Jail regarding an alleged violation of PC 273.5 and PC 273.6(a); Tulare County Sheriff's Department, report #20-09303. [Appellant] posted bail on this matter and is expected to appear before the [c]ourt on October 2, 2020.

"Based on the aforementioned information, [appellant] is in violation of his terms and conditions of probation, as said defendant failed to obey state laws as evidenced on June 10, 2020, when he was arrested by the Hanford Police Department regarding an alleged violation of PC 273.5 (Kings County Superior Court, case #20CM2729); and as evidenced on July 26, 2020, when he was arrested by the Tulare County Sheriff's Office regarding allegations of PC 273.5 and PC 273.6(a) (Tulare County Sheriff's Department, report #20-09303)."

Based on the affidavit and memorandum, the trial court, summarily revoked appellant's probation and issued a bench warrant. Appellant was later arrested and advised of the allegation he violated his probation, which he denied. The matter was continued several times until it was set for a contested revocation hearing. When the hearing was set, the trial court advised the parties it would be taking judicial notice of the probation officer's affidavit and memorandum.

At the contested hearing, the People offered no evidence and submitted. Appellant's counsel argued the probation officer's affidavit and memorandum was insufficient to find a violation because it only details the fact of appellant's arrests and charges, which she claimed do not rise "to the standard needed to prove a violation of probation." The trial court disagreed and found appellant violated his probation, noting the affidavit and memorandum "shows two arrests, at least one filed."

At sentencing, the trial court sentenced appellant to two years in state prison on the first degree burglary conviction and 16 months on each of the remaining counts to be served concurrently.

Appellant filed a timely notice of appeal in both superior court cases. We granted appellant's motion to consolidate the appeals.

## DISCUSSION

Appellant contends the evidence presented at the probation revocation hearing was insufficient to establish a violation. Specifically, he contends the evidence detailing the fact of his arrests and the fact that a criminal charge was filed against him was insufficient to show he failed to obey all laws. We agree.

The People bear the burden of establishing the violation by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 439; *People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1197–1198.) On appeal, we apply the substantial evidence standard of review. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773; *People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) "Under [this] standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment." (*People v. Kurey*, *supra*, 88 Cal.App.4th at pp. 848–849, fns. omitted.)

The only evidence presented at appellant's probation revocation hearing was the probation officer's affidavit and memorandum, which detailed the fact of appellant's arrests and pending criminal charges. However, the fact that appellant was arrested or charged with a crime is not evidence he committed a criminal offense. (See *People v. Enriquez* (2008) 160 Cal.App.4th 230, 241–242 ["Defendant's mere *arrest*" was not a violation of his probation condition that he obey all laws]; *People v. Allen* (1978) 77 Cal.App.3d 924, 937–938 [fact that an arrest warrant was issued was not evidence of

4.

guilt]; CALCRIM No. 220 ["The fact that a criminal charge has been filed against the defendant[s] is not evidence that the charge is true."].) The fact of an arrest only indicates that a peace officer or magistrate determined there was probable cause to believe the arrestee committed a criminal offense. (§§ 817, 836.) Similarly, the filing of criminal charges only indicates that the People determined there was probable cause to believe the person charged committed a criminal offense. (*United States v. Lovasco* (1977) 431 U.S. 783, 790–791; Rules Prof. Conduct, rule 3.8(a).) While we can infer from the fact of an arrest or the filing of criminal charges that evidence of a crime likely exists, it is incumbent on the People to present that evidence in court.

Because the fact of appellant's arrests and charges are not evidence that he committed a criminal act, the record before the trial court contained no evidence appellant violated the terms of his probation. While the probation officer's memorandum stated appellant was arrested for inflicting injury on a spouse or cohabitant (§ 273.5, subd. (a)), there was no evidence presented that appellant committed a physical act resulting in the infliction of injury. Moreover, there is nothing in the record identifying the alleged victim or detailing his or her relationship to appellant. Similarly, the memorandum stated appellant was arrested for violating a protective order (§ 273.6), but there was no evidence establishing the existence of a valid protective order, and that appellant engaged in conduct that violated that order. Simply put, there was no evidence showing what appellant did that constituted a violation of law.

We recognize that section 1203.2, subdivision (a), authorizes the trial court to revoke probation if it "has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision ...." (§ 1203.2, subd. (a).) However, there are limitations to the trial court's ability to rely solely on the probation report. As we explained above, a violation must be shown by the preponderance of the evidence. (*People v. Rodriguez, supra*, 51 Cal.3d at p. 439.) Moreover, the contents of a probation report are not necessarily admissible at a

5.

violation hearing. (*People v. Abrams* (2007) 158 Cal.App.4th 396, 405.) Probation revocation hearings are governed by the applicable rules of evidence (*Jones v. Superior Court* (2004) 115 Cal.App.4th 48, 60), and the admissibility of hearsay evidence is limited by a probationer's due process rights. (*People v. Liggins* (2020) 53 Cal.App.5th 55, 64.) In other words, the trial court's "reason to believe" a violation occurred must be shown by a preponderance of admissible evidence, regardless of what is asserted in the probation report.

Here, the trial court simply accepted the conclusions in the probation report as true without subjecting the underlying evidence to the requisite level of judicial scrutiny. In so doing, the trial court bypassed the requirement that the probation violation be established by a preponderance of admissible evidence at a probation revocation hearing. The probation officer's conclusory assertion that appellant violated his probation by being arrested and charged with a crime is not evidence of a violation. [2] While the evidence underlying the arrests and charges might have been sufficient to establish a violation, the underlying evidence was never admitted, and therefore its weight and admissibility was never considered by the trial court.

Based on the record, we conclude the evidence presented at the probation revocation hearing was insufficient to support the finding of a violation. Appellant's arrests and charges suggested he may have committed a criminal offense, but the People failed to present any evidence in court proving appellant committed a criminal offense. The fact of the arrests and charges, without more, did not constitute substantial evidence that appellant failed to obey all state laws.

### DISPOSITION

The judgment is reversed.

---

[2] Appellant and respondent also dispute whether the probation officer's memorandum, and the facts described therein, should have been excluded hearsay. We need not address this issue because we conclude the evidence was insufficient regardless.